IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICKEY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-877-A |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC, ET AL., | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
## ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

## Background

Plaintiff, Rickey Wilson, initiated this action on October 29, 2012, by filing his original petition in the District Court of Tarrant County, Texas, 348th Judicial District, naming as defendant Federal Home Loan Mortgage Corporation ("FHLMC"). Plaintiff on November 9, 2012, filed an amended petition and motion for temporary restraining order, which added JPMorgan

Chase Bank, National Association, successor by merger to Chase Home Finance LLC ("JPMorgan Chase"), as a defendant. On September 23, 2013, plaintiff filed a second amended petition, again naming FHLMC and JPMorgan Chase as defendants. JPMorgan Chase removed the action on October 28, 2013, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.[1]

The allegations in the state court pleadings pertain to plaintiff's property on Misty Mesa Trail in Mansfield, Tarrant County, Texas. Plaintiff claims that he purchased the property on or about August 28, 2007, by signing a note secured by a deed of trust, naming GreenPoint Mortgage Funding, Inc. ("GreenPoint"), as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as a beneficiary. Although records show that the assistant secretary of MERS, as nominee for GreenPoint, signed an assignment of the deed of trust to JPMorgan Chase on

---

[1] JPMorgan Chase indicated in the notice of removal that FHLMC has consented to the removal. Because the court finds that JPMorgan Chase has failed adequately to establish the amount in controversy, FHLMC's consent is of no effect.

November 21, 2011, plaintiff contends that the assistant secretary for MERS had no authority to execute such a transfer. On February 7, 2012, JPMorgan Chase foreclosed on plaintiff's property, and sold the property to FHLMC. On or about August 2, 2012, FHLMC received a judgment against plaintiff in County Court at Law Number One in Tarrant County, Texas, and a writ of possession issued on or about October 22, 2012.

The general theme of plaintiff's contentions is that no valid assignment of the note and deed of trust to JPMorgan Chase ever occurred, so that it had no authority to institute foreclosure proceedings or sell plaintiff's property at a foreclosure sale. Thus, the subsequent purchase of the property by FHLMC was void.

Plaintiff asserted claims against defendants for: fraudulent lien instrument, violations of the Texas Debt Collection Act, violations of section 51.002 of the Texas Property Code, breach of contract, and wrongful foreclosure. Plaintiff also sought a declaration that the substitute trustee's deed was void, and he sought injunctive relief.

II.

<u>Basic Principles</u>

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

4

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court, along with the amended petitions, do not specify a dollar amount of recovery sought, nor do the pleadings define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of

5

removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by JPMorgan Chase in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of plaintiff's state court pleadings provides sufficient information as to the amount in controversy. In the notice of removal, JPMorgan Chase contends that plaintiff seeks to quiet title to the property in his name; because the property has a fair market value of $179,400, this establishes the amount in controversy.

The fact that the value of the property mentioned in plaintiff's pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere does plaintiff in

6

his state court pleadings indicate that the fair market value of the property represents the amount in damages he is requesting.

Further, a review of plaintiff's pleadings makes clear that his primary dispute is with the validity of the assignment of the note and deed of trust from GreenPoint to JPMorgan Chase, and JPMorgan Chase's authority to appoint a substitute trustee or conduct a foreclosure sale. While plaintiff questions whether JPMorgan Chase had any such authority, nothing in the state court pleadings gives rise to a legitimate claim to outright title to the property. Plaintiff tacitly recognizes that he has no such claim by praying for relief in the form of an order quieting title in him "subject to any valid lien(s)," and enjoining any action to interfere with his use and possession of the property "pending resolution of this case." Notice of Removal, Ex. A-19, at 10. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's efforts to extend the time he can stay on the property and delay his eviction from the property following the foreclosure sale.

JPMorgan Chase additionally relies on plaintiff's statement

in his state court pleadings that he seeks "monetary relief of $100,000 or less" to establish the amount in controversy. Notice of Removal at 3. This allegation was no doubt included in the petition pursuant to the recently-revised requirements of Rule 47(c) of the Texas Rules of Civil Procedure. In the court's view, an allegation that a party is seeking "monetary relief of $100,000 or less" is not tantamount to a claim that the party is seeking "at least $75,000, exclusive of interest and costs," as required to establish diversity jurisdiction. Thus, JPMorgan Chase's reliance on this allegation in the pleading is unavailing.

No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, JPMorgan Chase has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED November 7, 2013.

                                                                    JOHN McBRYDE
                                                                    United States District Judge